**IT IS ORDERED as set forth below:**



**Date: May 24, 2017**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| JOHN JAMES, | : | BANKRUPTCY CASE |
| | : | 17-50243-LRC |
| Debtor. | : | |
| _____ | : | |
| JOHN JAMES, | : | ADVERSARY PROCEEDING |
| | : | NO. 17-05032-LRC |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| PHH MORTGAGE CORPORATION | : | |
| WATERS EDGE HOA, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendants. | : | BANKRUPTCY CODE |

# ORDER

Before the Court is the *Motion To Dismiss For Lack of Standing, Lack of Subject Matter Jurisdiction, Abstention, and Failure To State A Claim Upon Which Relief Can Be*

*Granted*, filed by PHH Mortgage Corporation fka Cendant Mortgage Corporation ("Defendant") (Dkt. No. 5), and the Motion to Dismiss Complaint, filed by Water's Edge Homeowners Association, Inc. (Dkt. No. 4) (collectively, the "Motions"). The Motions arise in connection with a complaint (hereinafter the "Complaint") filed by John James ("Plaintiff") for fraud, to quiet title, and for attorney's fees.

Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 4, 2017 (the "Petition Date").[1] *See* Case No. 17-50243-LRC (Bankr. N.D. Ga.), Dkt. No. 1 (the "Bankruptcy Case"). Jason Pettie was appointed as the Chapter 7 trustee (the "Trustee"). *Id*. On March 30, 2017, the Trustee filed a report of no distribution. *Id*. The Bankruptcy Case was dismissed on April 21, 2017, for Plaintiff's failure to pay the filing fee. *Id.,* Dkt. No. 42.

On February 10, 2017, Plaintiff filed the Complaint. Defendants filed the Motions on March 13, 2017, seeking dismissal due to lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. As Plaintiff has failed to respond to the Motions, the Motions are deemed unopposed. *See* BLR 7007-1(c).

---

[1] The Court takes "judicial notice of the dockets and the content of the documents filed in the case[s] for the purpose of ascertaining the timing and status of events in the case[s] and facts not reasonably in dispute" and may do so without converting this motion to dismiss into a motion for summary judgment. *In re Ferguson*, 376 B.R. 109, 113 n.4 (Bankr. E.D. Pa. 2007), as amended (Oct. 25, 2007) (citing Fed. R. Evid. 201); *In re Hart*, No. 13-20039-TLM, 2013 WL 693013, at *1 n.2 (Bankr. D. Idaho Feb. 26, 2013) ("Pursuant to Fed.R.Evid. 201, the Court takes judicial notice of its own dockets."); *Thomas v. Alcon Labs*., 116 F. Supp.3d 1361 (N.D. Ga. 2013) (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)).

The Complaint requests the following relief: Count I—damages of $500,000 for fraud; Count II—injunctive relief to enjoin and restrain any actions inconsistent with Plaintiff's alleged title and right to possess real property known as 7273 Meadow Point Drive, Stone Mountain, Georgia (the "Property"); and an award of attorney's fees.

The Court is required to examine its subject matter jurisdiction at the earliest opportunity. *In re Walker*, 515 F.3d 1204, 1210 (11th Cir. 2008). In doing so, the Court may consider "materials outside of the pleadings to resolve any jurisdictional disputes, but cannot rely on conclusory or hearsay evidence." *In re General Media, Inc.*, 335 B.R. 66, 72 (Bankr. S.D.N.Y. 2005). Plaintiff has the burden of proving the Court's subject matter jurisdiction by a preponderance of the evidence. *See id.* (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)).

Pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), this Court may exercise "jurisdiction in three categories of civil proceedings: those that 'arise under title 11,' those that 'arise in cases under title 11,' and those 'related to cases under title 11.'" *In re Happy Hocker Pawn Shop, Inc.*, 212 F. App'x 811 (11th Cir. 2006). Neither of the counts pled by Plaintiff are matters that arise under the Bankruptcy Code or matters that arise in cases under the Bankruptcy Code. They are not causes of action created by the Bankruptcy Code and they can exist outside of the bankruptcy context. Accordingly, this

3

Court lacks jurisdiction over Plaintiff's claims unless they are "related to" the Bankruptcy Case.

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984)). "'Related to' jurisdiction 'is not so broad as to encompass litigation of claims arising under state law or non bankruptcy Federal law that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy.'" *In re Harlan*, 402 B.R. 703, 711 (Bankr. W.D. Va. 2009) (quoting *Gates v. Didonato (In re Gates)*, 2004 WL 3237345, at *2 (Bankr. E.D. Va. 2004).

      Having considered the Complaint and the facts concerning the Bankruptcy Case, the Court concludes that the relief sought in the Complaint is not 'related to' the Bankruptcy Case. Prior to its dismissal, the Bankruptcy Case was a liquidation case, rather than a reorganization case. The Trustee had filed a notice that he did not intend to

4

pursue the liquidation of any assets.  The Trustee clearly had no interest in the Property or in any damages that may be owed to Plaintiff as a result of Defendant's conduct.  Based on the facts available to the Court, the resolution of the claims asserted in this case would not have impacted Plaintiff's bankruptcy estate.

Alternatively, under Rule 12(b)(6), the Court may dismiss a complaint if it fails 'to state a claim upon which relief can be granted.'"  *See* FED. R. CIV. P. 12(b)(6) (made applicable to this proceeding by FED. R. BANKR. P. 7012(b)).  When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested.  The Court must also draw all reasonable inferences in the light most favorable to the non-moving party.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America, Inc. v. General Motors Corp*., 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v. White* 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l Ass'n*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands*, *Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  Legal conclusions, labels, and unsupportable assertions, however, are not entitled to a presumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Consequently, "conclusory allegations, unwarranted factual deductions or legal

5

conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In this case, the Complaint states no facts with regard to Defendants. Each paragraph of the Complaint states only legal conclusions and requests for relief. There being no facts alleged in the Complaint, the Court concludes that the Complaint should be dismissed under Rule 7012(b) for failure to state a claim upon which relief may be granted.

Accordingly, it is hereby

**ORDERED** that the Motions are **GRANTED**. IT IS FURTHER ORDERED that Plaintiff's Complaint against Defendants is **DISMISSED**.

**END OF DOCUMENT**